United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERCONTINENTAL TERMINALS COMPANY, LLC, *Plaintiff*, v. NSK CORPORATION, ET AL., *Defendants*. | § § § § § § § § | Case No. 4:21-cv-3120 |
| INTERCONTINENTAL TERMINALS COMPANY, LLC, *Plaintiff*, v. NSK CORPORATION, ET AL., *Defendants*. | § § § § § § § § § | Case No. 4:21-cv-3213 |
| *IN RE:* INTERCONTINENTAL TERMINALS COMPANY LLC DEER PARK FIRE LITIGATION | § § § § | Related Case No. 4:19-cv-1460 |

## ORDER OF CONSOLIDATION

Before the Court is the status of the above-styled cases. These two cases were previously consolidated in the related case of *Munoz v. Intercontinental Terminals Company LLC*, 4:19-cv-1460 (*In re: ITC Deer Park Fire Litigation*). *See* ECF No. 6 (4:21-cv-3213); ECF No. 10 (4:21-cv-3120). On June 20, 2023, the parties in both cases consented to proceed before United States Magistrate Judge Dena Hanovice Palermo. ECF Nos. 1454, 1456 (4:19-cv-1460); ECF No. 11 (4:21-cv-3120); ECF

1

No. 7 (4:21-cv-3213). The district judge then transferred both cases to this Court, pursuant to 28 U.S.C. § 636(c).[1] ECF No. 7 (4:21-cv-3213); ECF No. 11 (4:21-cv-3120); ECF No. 1458 (4:19-cv-1460). Following the most recent status conference in these cases, on February 12, 2024, the Court *sua sponte* considers consolidation of these two cases.

Federal Rule of Civil Procedure 42(a) provides that where "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED R. CIV. P. 42(a). "[C]onsolidation of separate actions presenting a common issue of law or fact is permitted under Federal Rule 42 as a matter of convenience and economy in judicial administration." 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2023). The Court has broad discretion in deciding whether to consolidate and the Court may order consolidation on its own initiative. *Id.*; *accord Hall v. Hall*, 584 U.S. ___, 138 S. Ct. 1118, 1131 (2018).

---

[1] The consent and transfer orders here do not explicitly state whether these cases would be deconsolidated from *In re: ITC*, 4:19-cv-1460. *See* ECF No. 7 (4:21-cv-3213); ECF No. 11 (4:21-cv-3120). In all respects, the parties appear to have proceeded as though these cases remained consolidated with the related consolidated case, filing all documents only in *In re: ITC*. *See* ECF Nos. 1570, 1579, 1581, 1582, and 1585 (4:19-cv-1460). But under identical circumstances, the Court treated the consent and transfer of *NSK Ltd. et al. v. Intercontinental Terminals Company LLC*, 4:22-cv-3910, as implicitly deconsolidating the case from *In re: ITC*. *See* Mem. & Op., ECF No. 13 n.1 (4:22-cv-3910). The Court likewise views these cases as having been deconsolidated upon transfer. Thus, those filings will be copied into the appropriate case.

Courts in the Fifth Circuit consider multiple factors in determining whether to consolidate actions, including: (1) venue location, (2) common parties, (3) common questions of law or fact, (4) any risk of prejudice or confusion, (5) conservation of judicial resources, and (6) the stage of litigation. *David H. Russell Family Ltd. P'ship, LLLP v. Dernick*, No. 4:17-CV-1230, 2018 WL 8733161, at *1 (S.D. Tex. Mar. 7, 2018); *see also Burton v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-845-KHJ-LRA, 2021 WL 4228892, at *1 (S.D. Miss. Jan. 5, 2021) (listing eight factors).

The Court observes that every factor weighs in favor of consolidation. The complaints in both removal actions assert nearly identical claims sounding in negligence and products liability against the same Defendants. *See* Pl.'s Compl., ECF No. 1-1 (4:21-cv-3213); Pl.'s Compl., ECF No. 1-1 (4:21-cv-3120). The named parties are the same, and both cases are currently pending before this Court. Indeed, these cases had already been consolidated prior to consent and transfer.[2] ECF No. 6 (4:21-cv-3213); ECF No. 10 (4:21-cv-3120). The Court thus finds that there are common issues of law and fact among these actions and that consolidation will not cause confusion or prejudice in the management of the cases.

---

[2] The consolidated plaintiffs in the related case have dismissed all claims against Defendants NSK Corporation and NSK Ltd. *See* ECF Nos. 1532, 1541 (4:19-cv-1460). At this stage, only Plaintiff ITC continues to assert claims against the NSK Defendants.

Accordingly, it is **ORDERED** that the following cases shall be consolidated for all purposes:

1. *Intercontinental Terminals Company, LLC v. NSK Corporation, et al.*, 4:21-cv-3120 (Lead Case)

2. *Intercontinental Terminals Company, LLC v. NSK Corporation, et al.*, 4:21-cv-3213

As of the date of this Order, all filings shall be in the consolidated lead case *Intercontinental Terminals Company, LLC v. NSK Corporation, et al.*, 4:21-cv-3120 (Lead Case). All filings in this consolidated matter shall NOT be filed in the related cases, *ITC v. NSK*, 4:21-cv-3213 or *In re: ITC*, 4:19-cv-1460. Likewise, the filings in *In re: ITC*, 4:19-cv-1460 shall not be transferred or copied to this consolidated case. Instead, the parties may rely on any of the filings in *In re: ITC*, 4:19-cv-1460 as if they had been filed in this consolidated case. Rule 42 allows courts to "issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(3). Thus, to the extent it may be necessary, the Court will incorporate and take judicial notice of all pertinent filings in the related consolidated case of *In re: ITC*, 4:19-cv-1460, as though this action was never deconsolidated.

**IT IS SO ORDERED.**

Signed on March 13, 2024, at Houston, Texas.

*Dena Palermo*
_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**